HPS-140    (July 2005)

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
C.A. No. 05-2511

PRESTON CATCHINGS

vs.

MARROW, LT., ET AL.
( W.D. PA. CIV. NO. 03-CV-00284E)

Present:    CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

Submitted by the Clerk for possible dismissal due to a jurisdictional defect in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

Subject to certain limited exceptions, the courts of appeals have jurisdiction only over appeals from final decisions of the district courts. 28 U.S.C. § 1291. Therefore, a party generally may not take an appeal until there has been a decision by the district court that ends litigation on the merits and leaves nothing for the court to do but execute the judgment. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1980). Orders denying Rule 12 motions are not considered final within the meaning of 28 U.S.C. § 1291. See M.A. ex rel. E.S. v. State-Operated Sch. Dist., 344 F.3d 335, 343 (3d Cir. 2003). Even if Catchings' motion to strike could be construed as a motion to compel discovery from defendants, it similarly would not be considered final or appealable at this time. See Enprotech Corp. v. Renda, 983 F.2d 17, 20-21 (3d Cir. 1993). Because no final or otherwise appealable order has yet been entered in this case, the appeal is dismissed for lack of appellate jurisdiction.

By the Court,

s/Weis
United States Circuit Judge

Dated: August 22, 2005
CRG/cc: Mr. Preston Catchings
        J. Bart DeLone, Esq.



A True Copy:

Marcia M. Waldron, Clerk