BPS-63                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

NO. 05-3954
_____

PRESTON CATCHINGS,
Appellant

v.

LT. MARROW; LT. RANSOM;
SUPT. W. J. WOLFE

---

On Appeal From the United States District Court
For the Western District of Pennsylvania
(Civil No. 03-cv-00284E)
District Judge: Honorable Sean McLaughlin

---

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 23, 2005

Before:   RENDELL, AMBRO and GREENBERG, Circuit Judges.

(Filed December 28, 2005)

---

OPINION OF THE COURT

---

PER CURIAM

　　Preston Catchings appeals from an order of the District Court for the Western

District of Pennsylvania dismissing his complaint, or, in the alternative, granting

summary judgment to Appellees. Catchings, who is currently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion") filed this civil rights action pro se pursuant to 42 U.S.C. § 1983 in the District Court, asserting Fifth and Eighth Amendment claims. Appellees Morrow, Ransom, Rieder, Ziets, and Wolfe are current or former Pennsylvania Department of Corrections employees at SCI-Albion, and Appellee Telega is a physician's assistant who worked there. In his complaint and amended complaint, Catchings alleged, among other things, that Appellees tampered with and poisoned his food and denied him the high calorie diet that he needs for his liver condition. At the conclusion of discovery, Morrow[1], Ransom, Rieder, Ziets, and Wolfe filed a motion to dismiss, or, in the alternative for summary judgment. The Magistrate Judge recommended granting this motion and dismissing the complaint as to Appellee Telega for failure to state a claim. Over Catchings' objections, the District Court adopted the Report and Recommendation and entered an order following both recommendations. Catchings appeals, again proceeding pro se.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Cir. LAR 27.4 and I.O.P. 10.6 and will, therefore, summarily affirm the District Court's judgment.

We substantially agree with the Magistrate Judge's thorough analysis of

---

[1] Appellee Morrow's name is misspelled in Catchings' pleadings and in the caption.

Catchings' Eighth and Fifth Amendment claims as to Appellees Morrow, Ransom, Rieder, Ziets, and Wolfe. See Report and Recommendation at 9-13. The District Court properly granted summary judgment to Appellees on these claims, as Catchings failed to support his conclusory allegations with any evidence. See Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994); Fed. R. Civ. P. 56(c).

The District Court also properly dismissed the complaint as to Appellee Telega. Catchings alleges that Telega unnecessarily prescribed Zantac and Pepcid for him, both of which hastened the effects of the poisons placed in his food by the other Appellees. The District Court noted that Telega had not been served with any papers in the lawsuit and dismissed this claim pursuant to its screening authority under 28 U.S.C. § 1915A.[2] Catchings admits that Telega prescribed these medications after conducting an examination in response to his complaints of stomach pain. See Amended Complaint, Docket #21 at 5-6. We agree with the District Court that Catchings' allegations do not support an inference that Telega acted with deliberate indifference and that Catchings' mere disagreement with Telega's prescription decision, without more, does not state an

---

[2]The record contains conflicting information as to who bore the responsibility of serving Telega with process. In April 2004, the Magistrate Judge ordered Catchings to effect service on Telega, as well as the other Appellees. See Docket #22. However, in a hearing conducted on December 16, 2004, the Magistrate Judge ordered court staff to serve the amended complaint on all Defendants. See Docket # 30. As Catchings was proceeding in forma pauperis, the responsibility of serving process lay with the District Court. See 28 U.S.C. § 1915(d); Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992). However, as none of Catchings' allegations as to Telega state a viable claim, we find this error harmless.

Eighth Amendment violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); cf. White v. Napoleon, 897 F.2d 103, 110-11 (3d Cir. 1990) (complaint that prescriptions were made for no valid medical reason and with knowledge of resulting pain may state an Eighth Amendment deliberate indifference claim). Although not addressed by the District Court, Catchings' allegations that Telega deliberately removed him from the high calorie diet, thereby depriving him of the "medicine" for his liver condition, fail to state a claim for identical reasons. While Catchings asserts that this decision was based on "artful trickery," he also states that Telega told him that his high calorie diet must be discontinued due to the high cholesterol count in his blood. See Docket #21 at 9. Again, Catchings' disagreement with Telega's treatment decisions cannot support a constitutional claim. See Spruill, 372 F.3d at 235.

    For the foregoing reasons, we will summarily affirm the District Court's judgment.